NOT FOR PUBLICATION (Doc. Nos. 1, 2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| AMOS BROWN, | : | |
| Plaintiff, | : | Civil No. 16-8883 (RBK/AMD) |
| v. | : | **OPINION** |
| CAMDEN COUNTY BOARD OF SOCIAL SERVICES, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

Amos Brown ("Plaintiff") is proceeding *pro se* with a complaint arising from denial of government benefits. The Court recently granted Plaintiff's application to proceed *in forma pauperis* based on the information provided therein and directed the Clerk of Court to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's motion to appoint pro bono counsel is **DENIED AS MOOT**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brings claims arising from denial of Emergency Assistance/Temporary Rental Assistance ("TRA") through the Work First New Jersey program via a Med-1 form for people

1

with at least 12 months of disability who find themselves homeless ("WFNJ/MED1"). Plaintiff contends that that the Camden County Board of Social Services violated his right to equal protection of the laws (guaranteed by the Fourteenth Amendment) by arbitrarily denying his application by "overriding and rejecting legal medical documentation by a licensed healthcare professional precluding plaintiff" from living in a group environment in a shelter.

Plaintiff alleges that he was approved for TRA on or about May 3, 2016. Then, on May 27, 2016, Plaintiff's TRA was rescinded based on Plaintiff declining shelter placement. Plaintiff explains that his patient care coordinator indicated that he should not be placed in a group environment. Plaintiff requested and received a "fair hearing" challenging the denial before an Administrative Law Judge on July 7, 2016. The ALJ reversed the Board of Social Service's denial of benefits. The Director of the Division of Family Development, Department of Human Services rejected the ALJ's initial decision and affirmed the Board of Social Services determination on September 9, 2016, a move that Plaintiff calls arbitrary and illegal. *See* Compl., Ex. G (Doc. No. 1-4). As a result of this administrative decision, Plaintiff has remained homeless.

Plaintiff filed the instant Complaint on November 30, 2016. (Doc. No. 1).

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts

accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## III. DISCUSSION

Plaintiff asserts federal question jurisdiction for this case under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

While Plaintiff occasionally describes his claim as based on a violation of his right to equal protection, the complaint is more clearly based on allegedly deficient process. Procedural due process, at bottom, requires notice and an opportunity to be heard. *Zappan v. Pa. Bd. of Probation & Parole*, 152 Fed. Appx. 211, 220 (3d Cir. 2005). What constitutes sufficient process is determined by balancing three factors: (1) the private interest at stake, (2) the risk of "erroneous deprivation" and the value of alternative procedures, and (3) the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process usually requires that an individual receive a hearing before he is deprived of an interest; however, that rule is not absolute. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997). The state may postpone a hearing until after deprivation has occurred in "extraordinary situations where some valid governmental interest is at stake," *Roth*, 408 U.S. at 570 n.7, "where a State must act quickly, or where it would be impractical to provide predeprivation process," *Gilbert*, 520 U.S. at 930. For example, pre-deprivation procedures to challenge state taxes are not required, because litigation prior to payment might endanger a state's financial stability by creating unpredictable revenue shortfalls. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dept. of Bus. Regulation of Fla.*, 496 U.S. 18, 37 (1990).

In order to state a claim that the state violated the right to due process, the plaintiff "must have taken advantage of the processes that are available to him or her," unless the processes were

"unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). As long as a procedure "appears to provide due process," the plaintiff "cannot skip that process and use the federal courts as a means to get back what he wants." *Id.* If the state provided common law or tort remedies and plaintiff fails to allege he pursued those remedies to obtain compensation or recover property, plaintiff's complaint does not state a claim for relief. *See Willard v. Pa. Soc. for the Prevention of Cruelty to Animals*, 525 F. App'x 217, 221 (3d Cir. 2013).

Here, Plaintiff was informed that he had 45 days to seek judicial review of the Director of the Division of Family Development's affirmation of the agency's denial pursuant to New Jersey Court Rule 2:4. *See* Compl., Ex. G. Plaintiff does not, however, appear to have pursued this route. Rather, Plaintiff filed the instant section 1983 action, skipping a potential state law remedy for his grievance. Therefore, Plaintiff has not stated a claim for relief in federal court at this time. *See Willard*, 525 F. App'x at 221. Accordingly, Plaintiff's complaint shall be dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's section 1983 claim against Defendant is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion to appoint pro bono counsel is **DENIED AS MOOT**.

Dated: 03/30/2017                                                      s/ Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge

5